Citation Nr: 1132116 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-24 779 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

Robert E. P. Jones, Counsel



INTRODUCTION

The Veteran served on active duty from December 29, 1970, to February 9, 1971. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Veteran's claim was remanded by the Board in October 2007 and again in November 2009.


FINDING OF FACT

The Veteran's current left shoulder disability, arthritis of the acromioclavicular (AC) joint, was first shown many years after discharge from service and is unrelated to the Veteran's active duty service.


CONCLUSION OF LAW

A chronic left shoulder disability was not incurred or aggravated in active service nor may it be presumed to be related to service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. §§ 3.303, 3.304 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2010).

In April 2005, prior to the rating decision that denied the Veteran's claim, the RO sent a letter to the Veteran which advised him of the VCAA, including the types of evidence and/or information necessary to substantiate his claim and the relative duties upon himself and VA in developing his claim. Quartuccio v. Principi, 16 Vet. App. 183 (2002). A March 2006 letter advised him of the bases for assigning ratings and effective dates if service connection is granted. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The record reflects that the Veteran's service treatment records, Social Security Administration (SSA) records, and VA medical records have been obtained. The Veteran has been provided a VA medical examination. The Veteran testified at a hearing in support of his claim. The Veteran has been accorded ample opportunity to present evidence and argument in support of the appeal.

The Board is satisfied that the originating agency properly processed the Veteran's claim after providing the required notice and that any procedural errors in the development and consideration of the claim by the originating agency were insignificant and non-prejudicial to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993).

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303.

Further, VA regulation provides that, with chronic disease shown as such in service (or within an applicable presumptive period under section 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of an evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b).

In addition, service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

A claim for service connection generally requires competent evidence of a current disability; proof as to incurrence or aggravation of a disease or injury in service, as provided by either lay or medical evidence, as the situation dictates; and competent evidence as to a nexus between the in-service injury or disease and the current disability. Cohen v. Brown, 10 Vet. App. 128, 137 (1997).

The Veteran was discharged from active duty in February 1971, after approximately six weeks of service, due to mental and physical deficiency. He was noted to be an incorrigible individual who would be a constant disciplinary and administrative burden. He submitted his claim for service connection for left shoulder disability in March 2005. At his November 2006 hearing the Veteran testified that he first injured his left shoulder while in service. He reported that in basic training he fell from a rope, was knocked unconscious, and that he woke up in sick bay with an injured left shoulder. The Veteran indicated that he has had left shoulder pain ever since. He clarified that he had no left shoulder injuries prior to service and that a fall down a set of stairs in 1995 only injured his right shoulder.

The Board notes that private records dated from 1995 to 1997 reveal that the Veteran fell down stairs and injured his right shoulder and his knees. These records show that the Veteran did not experience an injury to the left shoulder in 1995. 

The service treatment records do show left shoulder complaints. The Veteran reported pain and a cracking sound of the left shoulder. The Veteran was provided an orthopedic examination at which he reported pain in the left shoulder from an old injury as a child. Examination revealed no tenderness, atrophy or limitation of motion. There was snapping felt on elevation of the left shoulder. X-rays of the left shoulder were normal. The impression was probably scar formation in region of supraspinatus muscle. The examiner recommended full duty. When the Veteran complained of left shoulder pain two days later he was again returned to full duty.

The Board notes that no left shoulder disability was found on enlistment examination and the Veteran is presumed to have entered service without any left shoulder disability. 38 C.F.R. § 3.304(b).

Although the Veteran complained of left shoulder pain during service, the Board finds that the Veteran's current left shoulder disability is unrelated to the Veteran's short period of service. An April 2010 VA examination reveals that the Veteran's current left shoulder disability is arthritis of the AC joint. The Board notes that the record clearly shows that the Veteran did not have left shoulder arthritis during service, the x-rays of the left shoulder were normal. The Board further notes that there were no diagnoses of left shoulder arthritis for many years after discharge from service. Accordingly, the Veteran is not entitled to service connection for his left shoulder arthritis on a presumptive basis under 38 C.F.R. § 3.307(a)(3).

In this case the Board does not find the Veteran's testimony that he fell and injured his left shoulder during service to be credible. When the Veteran's left shoulder was examined in service, the Veteran reported a childhood shoulder injury but he did not report any current left shoulder injury. The Board believes that if the Veteran had experienced any injury to the left shoulder in service, he would have reported that injury to the treatment providers rather than reporting just a childhood injury.

The Board also does not find the Veteran's assertion that he has had left shoulder pain ever since service to be credible. The record contains many private medical records dated from February 1995 to June 2002 which show many physical complaints, including right shoulder pain, yet he made no complaints regarding the left shoulder. Furthermore, a January 1998 private examination report reveals not only that the Veteran made no complaints about his left shoulder, but also that the Veteran had full range of motion of the left shoulder.

In an attempt to aid the Veteran in support of his claim, VA arranged for an examination to determine the nature, extent and etiology of any left shoulder disability found on examination. The VA examination was conducted in April 2010. The Veteran informed the examiner that his left shoulder disability began with a fall in service which rendered him unconscious. 

Physical examination was conducted and the claims file was reviewed. The x-rays revealed moderate degenerative changes of the AC joint. The diagnosis from the examination AC joint arthritis. The examiner noted that the there was no history of trauma during service. The examiner was of the opinion that the Veteran's current left shoulder arthritis is unrelated to service.

Although there is evidence of left shoulder complaints in the service, there is no competent evidence linking the current left shoulder disability, left AC joint arthritis, to the Veteran's active duty service.

There is no medical opinion in support of the Veteran's claim, and there is a medical opinion against his claim that his current left shoulder disability is related to service. Considering that there is no evidence of an inservice injury, considering that the medical records reveal many physical complaints, but no left shoulder complaints for many years after discharge from service, and considering that the only medical opinion of record is against the Veteran's claim, the Board is compelled to conclude that the preponderance of such evidence is against entitlement to service connection for left shoulder disability. It follows that there is not a state of equipoise of the positive evidence with the negative evidence to permit a favorable determination pursuant to 38 U.S.C.A. § 5107(b).





(CONTINUED ON NEXT PAGE)


ORDER

Service connection for a left shoulder disability is denied.



____________________________________________
James L. March 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs